UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAUDIA M. CLARKE,

    Plaintiff,

v.                                                       Case No: 8:24-cv-1647-KKM-LSG

WAL-MART STORES EAST, LP,
and MARK MASIELLO,

    Defendants.
_____

## ORDER

    Wal-Mart Stores East, LP, removes this action from state court and asserts that federal subject-matter jurisdiction exists based on diversity of citizenship and a claimed amount in controversy exceeding $75,000. Clarke, the plaintiff, brings negligence claims against two defendants—Wal-Mart and Mark Masiello—after slipping and falling in a Walmart store. Because both Clarke and Masiello are Florida citizens, the defendants were directed to establish "why this action should not be remanded for lack of jurisdiction." (Doc. 17). Wal-Mart responds by arguing that Masiello, the store manager, "was fraudulently joined in this matter." (Doc. 21) at 4. Clarke does not respond. Because Clarke fraudulently joined Masiello, I have subject-matter jurisdiction over this case and the clerk is directed to terminate him as a defendant.

I.  BACKGROUND

Clarke resides in Hillsborough County, Florida. Am. Compl. (Doc. 1-5) ¶ 2. She slipped and fell at a Walmart store on June 27, 2023. *Id.* ¶ 1. Clarke initially sued Walmart and Joseph Loss, supposedly the store's manager, for negligence. Compl. (Doc. 1-4) ¶¶ 32–46. Clarke then amended her complaint to replace Joseph Loss with Mark Masiello. Am. Compl. ¶ 5. Masiello "is an individual residing in Hillsborough County, Florida." *Id.* Wal-Mart is incorporated in Delaware and its principal place of business is in Arkansas. *Id.* ¶¶ 3–4.

Clarke alleges that Masiello "was responsible for overseeing and managing the day-to-day operations of the Store, including the inspection, maintenance, and repair of the Store's floor surfaces so that it was free of hazardous conditions." *Id.* ¶ 5. Clarke also alleges that Masiello owed Clarke a "duty to exercise reasonable care for her safety." *Id.* ¶ 43. According to Clarke, Masiello "failed to adequately implement the Walmart Entities' policies and procedures to address hazardous conditions, adequately train the Store's staff, and to take adequate measures to address hazardous conditions in the Store, including the hazardous condition that caused Plaintiff's injuries." *Id.* ¶ 27. On the date of the slip-and-fall, Clarke alleges that "Masiello was in the area of the aforementioned incident during the material times leading up to Plaintiff's fall such that he should have seen the transitory foreign substance on the floor and had time to clean or correct the condition." *Id.* ¶ 44.

Clarke alleges that Masiello breached his duties in eight boilerplate ways, including by failing to adequately maintain the Store's floor surface in a reasonably safe condition; failing to adequately inspect the Store's floor; failing to adequately correct the dangerous condition; failing to adequately warn Clarke of the dangerous condition; failing to use reasonable care in the maintenance of store property to prevent leaks; and creating the hazard itself. *Id.* ¶ 45. Clarke alleges that Masiello's negligence caused her damages. *Id.* ¶¶ 46–47.

Wal-Mart thereafter removed the action to federal court. (Doc. 1). Wal-Mart argues that complete diversity exists because Clarke fraudulently joined Masiello, a Florida citizen. *Id.* ¶¶ 27–29; (Doc. 21). In support of its argument, Wal-Mart attached to its brief an affidavit from Masiello, in which Masiello denies any personal knowledge of the incident and any involvement in the incident's investigation. Masiello Aff. (Doc. 21-1) ¶¶ 3, 6. Masiello denies having knowledge of the allegedly dangerous condition prior to the incident and denies being in the area of the incident at, or prior to, the time of the injury. *Id.* ¶¶ 4–5. Finally, Masiello states that he did not "personally create procedures for the purpose of training employees pertaining to the incident." *Id.* ¶ 7.

Wal-Mart requests that I dismiss Clarke's claims against Masiello and not consider Masiello's citizenship in determining whether diversity jurisdiction exists. (Doc. 21) at 4. Clarke does not respond.

3

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). A federal court can decide a case under its diversity jurisdiction if the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Parties are "complete[ly] divers[e]" when the plaintiff is not domiciled within the same state as any defendant. *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

A plaintiff fraudulently joins a defendant when she names a non-diverse defendant to circumvent federal diversity jurisdiction. *See Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."). A defendant asserting fraudulent joinder bears the "heavy" burden of proving either that "there is no possibility the plaintiff can establish a cause of action against the resident defendant" or that "the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B., Inc. v. Miller*

*Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981)); *see Henderson*, 454 F.3d at 1281 (noting a defendant must prove fraudulent joinder with "clear and convincing evidence").

The district court must assess the factual allegations "in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538. The district court determines whether a party was fraudulently joined based on the plaintiff's pleadings at the time of removal and affidavits presented by the parties. *Id.* Federal courts must not "weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.*; *see Triggs*, 154 F.3d at 1287 (explaining that joinder is legitimate even if the plaintiff presents only a "possibility of stating a valid cause of action" against the defendant); *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (noting the "possibility" standard is distinguishable—and more lenient—from the "plausibility" standard applied to a 12(b)(6) motion to dismiss); *see also Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (indicating the possible cause of action against the resident defendant must be "reasonable" and not "theoretical" (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002))). When a plaintiff fails to dispute a defendant's affidavit, "the court cannot then resolve the facts in the [plaintiff's] favor based solely on the unsupported allegations in the [plaintiff's] complaint." *Id.* at 1323. In this sense, "the

5

proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)." *Crowe*, 113 F.3d at 1538 (quoting *Miller Brewing Co.*, 663 F.2d at 549 n.9).

## III. ANALYSIS

"A negligence claim has four elements: (1) a duty by defendant to conform to a certain standard of conduct; (2) a breach by defendant of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to plaintiff." *Bartsch v. Costello*, 170 So. 3d 83, 86 (Fla. 4th DCA 2015). Under Florida law, an agent of a corporation may be individually liable in tort "if they commit or participate in a tort." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005). To establish liability, the plaintiff "must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." *Id.* In other words, an officer must be "actively negligent." *Id.*; *see also Costa Invs., LLC v. Liberty Grande, LLC*, 353 So. 3d 627, 633 (Fla. 4th DCA 2022) ("Generally, courts have applied an 'active participation theory' in holding officers and directors individually liable when they actively participated in the torts of the corporation."). An officer "may not be held personally liable 'simply because of his general administrative responsibility for performance of some function of his [or her] employment.'" *White*, 918 So. 2d at 358 (quoting *McElveen ex rel. McElveen v. Peeler*,

6

544 So. 2d 270, 272 (Fla. 1st DCA 1989)); *see Vesta Const. & Design, L.L.C. v. Lotspeich & Assocs., Inc.*, 974 So. 2d 1176, 1180 (Fla. 5th DCA 2008) ("A corporate officer or employee is not liable for the torts of the company simply because of the person's position with the company.").

After reviewing the amended complaint and Masiello's affidavit, I conclude that "there is no possibility that the plaintiff can prove a cause of action against [Masiello]." *Triggs*, 154 F.3d at 1287. Clarke alleges that Masiello was responsible for "overseeing and managing the day-to-day operations of the Store, including the inspection, maintenance, and repair of the Store's floor surfaces so that it was free of hazardous conditions," and that Masiello owed her a "duty to exercise reasonable care for her safety." Am. Compl. ¶¶ 5, 43. Clarke then alleges that Masiello breached these duties in eight ways—including by failing to maintain or adequately maintain the store's floor surfaces in a reasonably safe condition. *Id.* ¶ 45. In doing so, Clarke "provides the traditional laundry list" of ways in which Masiello "was allegedly negligent, which become increasingly boilerplate as the list goes on." *Knouse v. Sam's E., Inc.*, No. 2:23-CV-1054-SPC-NPM, 2024 WL 1012972, at *2 n.1 (M.D. Fla. Mar. 8, 2024). In such circumstances, my colleagues have routinely found fraudulent joinder. *See, e.g.*, *Pascone v. Lowe's Home Centers, LLC*, No. 8:23-CV-1849-TPB-TGW, 2024 WL 1739278, at *3 (M.D. Fla. Apr. 23, 2024) (finding fraudulent joinder when the plaintiff "does not allege that [the manager] was personally negligent

outside of boilerplate and conclusory allegations related to the maintenance, management, and supervision of the store"); *Cruz v. Walmart Stores E., LP*, No. 2:22-CV-692-SPC-NPM, 2023 WL 1069693, at *3 (M.D. Fla. Jan. 27, 2023) (finding fraudulent joinder when a complaint "copie[d] and paste[d] all possible theories of negligence with no factual support").

Masiello's affidavit negates some of Clarke's allegations. *Legg*, 428 F.3d at 1323 ("When the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint."). For example, although the complaint alleges that Masiello was in the area where Clarke fell before the incident occurred, Am. Compl. ¶ 44, Masiello states that he "did not have knowledge of the allegedly dangerous conditions prior to the incident at issue" and that he "was not in the area of that incident at or prior to the time of the injury," Masiello Aff. ¶¶ 4–5. Masiello also says, among other things, that he has "no personal knowledge" regarding the incident and that he "did not participate in the incident's investigation." *Id.* ¶¶ 3, 6. Clarke does not dispute this affidavit, nor does she provide any evidence demonstrating that Masiello played any role in causing her alleged injuries and damages. All of this suggests that Clarke has no "reasonable possibility" of stating a claim against Masiello. *Legg*, 428 F.3d at 1324; *cf. Boyd v. Petco Animal Supplies Stores, Inc.*, No. 3:18-CV-639-J-32PDB, 2018 WL 4360621, at *3 (M.D. Fla. Sept. 13,

8

2018) ("Since [the plaintiff] has provided no facts demonstrating that [the joined party] played any role in her injuries, the Court finds no reasonable basis for [the plaintiff's] claim against [the joined party].").

Another sign of fraudulent joinder is the fact that Clarke "argues that [Masiello] is liable for almost the exact same reasons that she argues Wal-Mart Stores East is liable." *Watts v. Wal-Mart Stores E., LP*, 656 F. Supp. 3d 1363, 1368 (S.D. Fla. 2023). *Compare* Am. Compl. ¶ 39 *with id.* ¶ 45. These substantially similar allegations "suggest a theory of vicarious liability akin to a claim brought against an employer," *Watts*, 656 F. Supp. 3d at 1368, which Florida law does not recognize, *White*, 918 So. 2d at 358.

Finally, recent Florida cases provide reason to question the validity of the legal theory behind most of Clarke's conclusory allegations. As discussed, an employee may be held "personally liable" under Florida law if the plaintiff proves that the employee was "actively negligent." *Id.* In *White*, the court held sufficient the allegation that "[the defendant] was directly responsible for carrying out certain responsibilities; that he negligently failed to do so; and that, as a result, [the plaintiff] was injured." *Id.* In other words, the plaintiff in *White* sufficiently alleged that a store employee was "actively negligent" when the plaintiff's claim fell under the umbrella of premises liability. 918 So. 2d at 358; *see Krobatsch v. Target Corp.*, No. 20-81552-CIV, 2020 WL 6375175, at *2 (S.D. Fla. Oct. 30, 2020) ("[A] defendant's *failure* to act in circumstances in which a

9

reasonable person would have acted can be evidence of such active negligence." (emphasis in the original) (citing *White*, 918 So. 2d at 358)).

Other Florida cases, though, suggest that an employee may not be held personally liable under a premises-liability theory. In *Navarro v. Borges*, the plaintiff was injured on a construction site and sued both his employer and the president of his employer. 388 So. 3d 1044, 1046 (Fla. 3d DCA 2024). With respect to the plaintiff's case against the president, the court cited *White*'s requirement for proof of "active[]" negligence" and stated that "allegations of mere passive negligence in this context are insufficient to support a cause of action." *Id.* at 1047. But there, the plaintiff "presented probative evidence that [the officer] engaged in misfeasance, rather than mere nonfeasance," so the court reversed a grant of summary judgment to the defendant. 388 So. 3d at 1048.

In Florida, "active negligence" means that "the tort-feasor actually does something to harm the injured party," whereas "passive negligence" means that the "tort-feasor's failure to do something to its property resulted in harm to the injured party." *Nicholson v. Stonybrook Apartments, LLC*, 154 So. 3d 490, 494 (Fla. 4th DCA 2015). Notably, "premises liability involves passive negligence." *Id.*; *see Hix v. Billen*, 248 So. 2d 209, 210 (Fla. 1973) ("There is a distinction to be noted between active, personal negligence on the part of a landowner and that negligence which is based upon a negligent condition of the premises."). Therefore, *Navarro*, when read together with *Nicholson*'s definition of passive

10

negligence, suggests that an employee may not be held personally liable under a premises-liability theory.

Ultimately, to decide whether Clarke fraudulently joined Masiello, I need not decide how these cases fit together perfectly. Even if a premises-liability theory is available under some circumstances, Clarke's premises-liability allegations are insufficient with respect to Masiello. Therefore, regardless of the state of Florida law, I conclude that Clarke has fraudulently joined Masiello.

## IV.  CONCLUSION

There is no "reasonable possibility" that Clarke can establish a cause of action for negligence against Masiello. *Legg*, 428 F.3d at 1324. As a result, I conclude that Clarke fraudulently joined Masiello, and dismiss Clarke's claim against Masiello.

Accordingly, the following is **ORDERED**:

1. Clarke's claim against Mark Masiello is **DISMISSED**.
2. The clerk is directed is terminate Mark Masiello as a defendant in this case.

**ORDERED** in Tampa, Florida, on November 27, 2024.

Kathryn Kimball Mizelle
United States District Judge